IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-00139-11-CR-W-BCW |
| ) | |
| DANZELL WALKER, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pending is Defendant Danzell Walker's Motion to Reopen and Reconsider Pretrial Detention filed on October 7, 2022. Doc. 177. The Government filed its opposition on October 21, 2022. Doc. 182. Defendant did not file a reply, and the time for doing so has passed. L.R. 7.0(c)(3). After carefully reviewing the record and the parties' briefing, the Court finds Defendant's motion should be **DENIED**.

### I.     Background

On June 21, 2022, the grand jury returned an indictment that charged Defendant with conspiracy to distribute cocaine, methamphetamine, and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(C) and 846 (Count One); felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Nine); and use of a communication facility to facilitate a drug trafficking crime in violation of 21 U.S.C. §§ 843(b) (Count Sixteen). Doc. 1. On June 23, 2022, Defendant was arrested and made his first court appearance. Doc. 5. The United States moved for a detention hearing. Doc. 4.

On June 27, 2022, the Court held an arraignment and detention hearing. Doc. 79. During the detention hearing, the parties stipulated that, if called to testify, the United States Pretrial Services Officer would testify consistently with the pretrial report (Doc. 36) prepared in this

matter. Doc. 79. The Government also adduced evidence through the testimony of Detective John Straubel. *Id.*

At the conclusion of the detention hearing, the Honorable Jill A. Morris found Defendant should be detained pending further proceedings. Doc. 79, 83. The Court found the presumption of detention had not been sufficiently rebutted, and there was no condition or combination of conditions that would reasonably assure the safety of the community or the appearance of Defendant. *Id.* In a written detention order, Judge Morris found Defendant faces a potential lengthy period of incarceration if convicted; has prior criminal history; participated in criminal activity while on probation, parole, or supervision; has a history of violence or use of weapons; has a history of alcohol or substance abuse; has failed to appear in court previously; and has previously violated probation, parole, or supervised release. Doc. 83 at 2-3. The Court also summarized evidence adduced at the detention hearing, which included Defendant arranging to purchase fentanyl pills and marijuana from a codefendant, and officers recovering two firearms from Defendant's home when executing a search warrant. *Id.* at 3. Judge Morris also observed Defendant has three pending felony cases involving charges of possession of a controlled substance, delivery of a controlled substance, and unlawful use of a weapon, as well as numerous failures to appear in court. *Id.*

On October 7, 2022, Defendant moved to reopen and reconsider pretrial detention. Doc. 177. He contends he is a lifelong Kansas City resident, his family resides in the Kansas City area, and he is not a danger to the community or a flight risk. *Id.* at 1. Defendant details physical injuries he sustained from being the victim of a hit and run accident in 2018, which resulted in multiple broken bones and surgical procedures. *See id.* at 2. He also avers that counsel negotiated SIS dispositions for his open Jackson County cases, but he was hesitant to being placed on

probation due to restricted access to pain killers. *Id.* Defendant avers he was "always in contact with counsel, never left the Kansas City metropolitan area, and ultimately intended to resolve these cases." *Id.* Defendant also contends he is not a felon and has been erroneously charged in this matter with being a felon in possession. *Id.*

The Government contends Defendant was appropriately detained under the standards set forth in the Bail Reform Act. Doc. 182 at 2-3. The Government observes Defendant's "significant history of failing to appear" and summarizes the evidence adduced at the detention hearing that was included in Judge Morris's written detention order. *Id.* at 3. Regarding Defendant's medical condition, the Government points out that Defendant suffered from the same medical condition when he engaged in the criminal activity alleged in the Indictment. *Id.* at 4. The Government also contends Defendant has not lodged any complaints about pain, medical treatment, or requests for physical therapy with officials at the Caldwell County Detention Facility, where he is currently detained awaiting trial. *Id.*

## II. Discussion

A detention hearing may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). By its express terms, this provision applies to reconsideration of a detention order and provides that reconsideration is permissible "only when there is new information that would materially influence the judgment" concerning potential flight risk and potential harm to any other person or the community. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003). The Court finds the newly proffered information concerning Defendant's status in the community

and his medical condition does not have a material bearing on whether there are conditions of release that will reasonably assure his appearance in Court and the safety of any other person and the community. The Court further finds the newly proffered information does not warrant reopening the detention hearing under section 3142(f).

In this matter, Defendant is charged with serious offenses, including an alleged drug conspiracy charge that carries a mandatory minimum prison sentence of ten years if convicted. In addition, he was previously convicted for disorderly conduct (reduced from a marijuana possession charge), operating a vehicle under the influence, unlawful use of cannabis, and two counts of unlawful use of a weapon. Doc. 36 at 3. He has pending felony charges for delivery of a controlled substance and unlawful use of a weapon (2020 – Jackson County, Missouri); unlawful use of a weapon and felony possession of a controlled substance (2021 – Jackson County, Missouri); and delivery of a controlled substance, possession of a controlled substance, operating a vehicle without a license, and unlawful possession of drug paraphernalia (2021 – Linn County, Missouri). *Id*. at 3-4. The number and seriousness of the pending felony charges, many of which involve the use of weapons, demonstrate there are no conditions that would adequately address the risk of danger to the community and other persons. The newly proffered information does not alleviate the safety risk.

As recognized by Judge Morris, Defendant also has significant history of failure to appear in court. He failed to appear on six occasions for court appearances in Pike County, Illinois, where there is also an active arrest warrant. Doc. 36 at 3. He failed to appear for the 2021 charges in Jackson County, Missouri, and an arrest warrant was issued. *Id*. Defendant's history of failing to appear establishes by a preponderance of evidence there is no condition or combination of conditions that would reasonably assure his appearance for future court proceedings. The newly

4

Case 4:22-cr-00139-BCW   Document 204   Filed 01/05/23   Page 4 of 5

proffered information does not and cannot diminish Defendant's extensive history of failing to appear.

The non-appearance risk and the safety concerns remain irrespective of the alleged changed circumstances, including Defendant's medical condition. The alleged medical problems allegedly occurred in 2018 after a hit and run car accident. Doc. 177 at 2. However, it appears many of the pending charges, and some of the failures to appear, occurred *after* 2018. And as observed by the Government, the alleged conduct in the instant case is also alleged to have occurred *after* 2018. Further, Defendant's medical condition existed at the time of the original detention hearing in this matter. The proffered information concerning his medical condition is not new and does not meet the standard for reopening a detention hearing under section 3142(f).

Defendant's averment that he is improperly charged with being a felon in possession of a firearm does not alter the Court's analysis. The most significant charge in the instant case is the alleged drug conspiracy count, which carries a mandatory minimum of ten years imprisonment if convicted. If the felon in possession count is dismissed in the future, the analysis under the Bail Reform Act does not change.

Based on its careful review of the entire record, the Court finds continued detention is warranted, and the standards for reopening a detention hearing have not been met. Based on the foregoing, Defendant's Motion to Reopen and Reconsider Pretrial Detention Bond (Doc. 177) is **DENIED**. Defendant shall remain in the custody of the United States Marshal pending further proceedings in this case.

**IT IS SO ORDERED.**

DATE: January 5, 2023         　　　*/s/ W. Brian Gaddy*　　　　　　　
　　　　　　　　　　　　　　　　　　W. BRIAN GADDY
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE